**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EILEEN L. MANNING,
　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　MANAGEMENT,
　　　　　Agency.

DOCKET NUMBER
PH-0831-17-0200-I-1

DATE: March 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frizzell T. Green, Baltimore, Maryland, for the appellant.

Jane Bancroft, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1　　　　The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its reconsideration decision finding the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

appellant ineligible to retire under her former employing agency's voluntary early retirement authority (VERA) program offered in 1979. For the reasons discussed below, we GRANT the agency's petition for review and VACATE the initial decision. We DISMISS the appellant's retirement appeal for lack of jurisdiction.

## BACKGROUND

¶2 The appellant was employed by the Social Security Administration (SSA) for nearly 40 years, until she retired from her GS-05 position. Initial Appeal File (IAF), Tab 7 at 42, 78, 86-88. In 1979, while she was employed at SSA, OPM authorized SSA to offer voluntary early retirement to SSA employees at the GS-12 level and above, within the appellant's geographic location, who were at least 50 years of age with 20 years of experience or any age with 25 years of experience, among other specified criteria. *Id.* at 22-23. There is no indication from the record that the agency extended that VERA offer to the appellant or that she applied for voluntary early optional retirement. Instead, on October 5, 1993, she applied for an optional (other than early optional) retirement annuity under the Civil Service Retirement System (CSRS). *Id.* at 80. OPM granted her application, effective December 31, 1993, and commenced her annuity payments, effective January 1, 1994. *Id.* at 42, 75, 82.

¶3 On December 14, 2015, the appellant sent a letter to OPM, arguing that she was eligible to retire under the 1979 VERA and requesting a declaration to that effect because she believed it would "assist her in receiving Social Security Benefits." *Id.* at 58-64. In a January 15, 2016 initial decision, OPM determined that the appellant was ineligible for the 1979 VERA because she did not meet the grade level requirement and advised her that she could file a request for reconsideration. *Id.* at 12-13. In her request for reconsideration, the appellant reasserted her VERA eligibility claim. *Id.* at 52-57. On February 9, 2017, OPM issued a reconsideration decision, affirming its initial decision and notifying the appellant of her Board appeal rights. *Id.* at 8-10.

¶4        The appellant filed this appeal, arguing that she was eligible for the 1979 VERA because she met the statutory requirements to qualify for voluntary early retirement in effect at the time, even though she did not meet the grade level requirement imposed by OPM and the agency.  IAF, Tab 1 at 5.  Essentially, she asserts that OPM exceeded its legal authority by limiting VERA eligibility to employees at the GS-12 level and above.  *Id.*  She further asserts that OPM's error prevented her from obtaining the SSA benefits to which she was entitled. *Id.*

¶5        The administrative judge issued an initial decision, reversing OPM's reconsideration decision.  IAF, Tab 15, Initial Decision (ID) at 1, 7.  She determined that the Board had jurisdiction over the appeal under 5 U.S.C. § 8461(e)(1).  ID at 1.  She found that OPM lacked the authority to limit VERA eligibility based on grade level.  ID at 3-7.  Thus, she concluded that its determination that the appellant was not eligible for the 1979 VERA on that basis was incorrect.  ID at 5-7.

¶6        OPM has filed a petition for review of the initial decision, arguing for the first time that both OPM and the Board lack jurisdiction over the appellant's claims and, as a result, OPM's reconsideration decision and the Board's initial decision should be vacated.  Petition for Review (PFR) File, Tab 1 at 7-10.  The appellant has submitted a response.[3]  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        On review, OPM asserts that its reconsideration decision does not implicate the appellant's rights and interests under CSRS because she has not applied for voluntary early retirement.  PFR File, Tab 1 at 8.  OPM further contends that, absent a decision implicating the appellant's rights and interests under CSRS, the

---

[3] The appellant also submitted a request for damages and settlement offer to the Board's Northeastern Regional Office after the issuance of the initial decision.  IAF, Tab 17. We need not consider those arguments in light of our dismissal of this matter for lack of jurisdiction.

Board has no basis for asserting jurisdiction under 5 U.S.C. § 8347(d)(1). *Id.* We agree.

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 19 (2011). The existence of Board jurisdiction is a threshold issue in adjudicating an appeal. *Id.* The Board's jurisdiction over CSRS retirement cases is governed by 5 U.S.C. § 8347(d)(1).[4] *Hasanadka*, 116 M.S.P.R. 636, ¶ 19. Under that provision, the Board generally has jurisdiction over a matter affecting the rights or interests of an individual under CSRS only after OPM has issued a final decision on the merits of that matter. *Id.*; *see* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110.

¶9        The appellant argues that OPM exceeded its authority by limiting VERA eligibility based on employee grade level. PFR File, Tab 3 at 3-4 (citing An Act to Permit Immediate Retirement of Certain Federal Employees, Pub. L. No. 93-39, 87 Stat. 73 (1973) (codified as amended at 5 U.S.C. § 8336(d)(2)(E)); IAF, Tab 13 at 2-4. She asserts that the only criteria permitted for a VERA in 1979 were age and years of Federal service. PFR File, Tab 3 at 6. She further argues that her entitlement to the VERA is a right or interest under the CSRS regardless of whether she applied for the VERA. *Id.* at 3-4. She reasons that if she was eligible for the 1979 VERA, she would be exempt from the Government pension offset (GPO), pursuant to which SSA reduced her spousal Social Security benefit to zero. IAF, Tab 7 at 46-47, Tab 10 at 1-6, 9-10. Under the GPO, the amount of an individual's Social Security age-old benefit is reduced based on her

---

[4] Section 8461(e)(1) of Title 5, cited by the administrative judge as the basis for Board jurisdiction here, is inapplicable. ID at 1. It grants the Board jurisdiction over OPM determinations under the Federal Employees' Retirement System.

receipt, as applicable here, of a CSRS annuity. 42 U.S.C. § 402(k)(5)(A); *Moriarty v. Office of Personnel Management*, 47 M.S.P.R. 280, 282 (1991), *aff'd per curiam*, 989 F.2d 1202 (Fed. Cir. 1993) (Table).

¶10     The appellant apparently is not seeking an annuity based on her eligibility for voluntary early optional retirement. PFR File, Tab 3 at 3; IAF, Tab 13 at 2, Tab 14 at 6. While she applied and was found eligible for an optional (other than early optional) retirement annuity, she has not alleged, and nothing in the record indicates, that she applied for an annuity under the 1979 VERA. IAF, Tab 7 at 76-81, Tab 13 at 2. Instead, the appellant seeks to have OPM issue an opinion as to her VERA eligibility to influence SSA's determination regarding her Social Security benefits. PFR File, Tab 3 at 3; IAF, Tab 1 at 5. Thus, under these circumstances, the appellant has not met her burden to prove that OPM's February 9, 2017 decision implicates her rights or interests under CSRS. IAF, Tab 7 at 8-10; *see Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 9 (2015) (determining that the Board lacks jurisdiction over OPM's decision not to waive collection of an annuity overpayment indirectly received by an individual who was without rights to the funds under CSRS); *Moriarty*, 47 M.S.P.R. at 287-88 (adjudicating an employee's claim that his election to change retirement systems was involuntary as a result of OPM's misleading statements concerning the GPO); 5 C.F.R. § 1201.56(b)(2)(i)(A) (explaining that an appellant must prove jurisdiction over her appeal by preponderant evidence).

¶11     As a result, OPM's February 9, 2017 letter does not qualify as an appealable reconsideration decision, even though OPM characterized it as such.[5] IAF, Tab 7 at 8-10; *see* 5 C.F.R. § 831.109(a) (granting "any individual or agency *whose rights or interests under [CSRS] are affected* by an initial decision of [OPM] . . . [the right to] request OPM to review its initial decision" (emphasis added)). Further, without an actual claim for retirement benefits by the appellant, and an

---

[5] Further, OPM effectively has vacated its February 9, 2017 reconsideration decision on review. PFR File, Tab 1 at 4.

actual decision on that claim by OPM, any decision by the Board about what the appellant may or may not be entitled to would be an advisory opinion, which the Board is expressly prohibited from issuing.  *See* 5 U.S.C. § 1204(h); *Blaha v. Office of Personnel Management*, 108 M.S.P.R. 21, ¶ 11 (2007).  The erroneous notification of appeal rights included in the February 9, 2017 letter does not confer Board jurisdiction.  *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 20 (2012) (explaining that the mere fact that an agency informs an appellant of a right to appeal to the Board does not confer jurisdiction on the Board).

¶12      Accordingly, unless and until the appellant applies for voluntary early optional retirement and receives a decision from OPM on her application, we have no basis to find Board jurisdiction over this retirement matter.[6]  We therefore vacate the initial decision and dismiss the appellant's retirement appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] OPM also argues that the Board lacks jurisdiction over the appellant's challenges to the 1979 VERA criteria selected by SSA.  PFR File, Tab 1 at 9.  We need not address that argument in light of our dismissal for lack of jurisdiction for the above stated reasons.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.